# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00599-CR
NO. 03-09-00600-CR
NO. 03-09-00601-CR
NO. 03-09-00602-CR
NO. 03-09-00603-CR

**Cedric Marcell Garner, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NOS. D-1-DC-07-206804, D-1-DC-07-206805, D-1-DC-07-302785, D-1-DC-08-300704,
D-1-DC-08-301301, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**

## MEMORANDUM OPINION

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Counsel's motion to withdraw is granted.

We note, however, that the judgments of conviction contain certain clerical errors. First, the judgments indicate that appellant pleaded "true" to the State's motion to adjudicate, when in fact he entered a plea of "not true." Second, the judgments include a finding that appellant violated all five of the grounds alleged in the State's motion to adjudicate guilt. At the adjudication hearing, however, the trial court found on the record that the State proved only two of the grounds alleged—failure to participate in a drug or alcohol treatment plan and commission of the subsequent offense of burglary of a habitation. The magistrate's findings of fact, which were expressly adopted by the trial court, also state that the State proved only these two grounds for adjudication, failing to prove the allegations that appellant failed to work faithfully at suitable employment, failed to avoid places or persons of disreputable or harmful character, and committed the subsequent offense of organized criminal activity.

We modify the judgments of conviction to correct these clerical errors. *See Traylor v. State*, No. 09-09-00384-CR, 2010 Tex. App. LEXIS 4749, at *2 (Tex. App.—Beaumont June 23, 2010, no pet.) (mem. op., not designated for publication) (correcting clerical error in judgment before affirming conviction in frivolous appeal under *Anders*); *Tillman v. State*, No. 14-08-00053-CR, 2008 Tex. App. LEXIS 7882, at *4 (Tex. App.—Houston [14th Dist.] Oct. 16, 2008, pet. ref'd) (mem. op., not designated for publication) (same). The judgments are modified to reflect

2

appellant's plea of "not true" to the motion to adjudicate and to delete the language stating that appellant violated the terms and conditions of his community supervision by (1) failing to work faithfully at suitable employment, (2) failing to avoid places or persons of disreputable or harmful character, and (3) committing the subsequent offense of organized criminal activity.

The judgments of conviction are affirmed as modified.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Modified and, as Modified, Affirmed

Filed:   September 10, 2010

Do Not Publish

3